UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                          Case No.: 6:17-bk-01326-CCJ
                                                Chapter 7
CLAUDIO CIPEDA,

            Debtor.
_____/

ARVIND MAHENDRU, CHAPTER 7            Adv. Proc. No.: 6:18-ap-00007-CCJ
TRUSTEE FOR THE ESTATE OF
CLAUDIO CIPEDA,

            Plaintiff,
v.

FOREIGN DIRECT INVESTMENT, LLC,
a Florida Limited Liability Company,

            Defendant.
_____/

### MOTION TO WITHDRAW THE REFERENCE
### WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Foreign Direct Investment, LLC, ("FDI"), by its undersigned counsel and pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a), Local Bankruptcy Rule 5011-1, and Administrative Order 6:12-MC-26-ORL-22, moves to withdraw the reference of this Adversary Proceeding (the "Adversary Proceeding"). The legal and factual grounds upon which this Motion is based are as follows:

### Background

1.      On or around January 2, 2016, FDI and Claudio Cipeda ("Debtor") executed a promissory note in the amount of $180,000 (the "Note").

Error! Unknown document property name.

2.      On March 1, 2017, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in Case No.: 6:17-bk-01326-CCJ.

3.      On January 31, 2018, Arvind Mahendru, as Chapter 7 Trustee for the Estate of Claudio Cipeda ("Plaintiff"), filed a five-count Complaint in this Adversary Proceeding (the "Complaint"), alleging claims for avoidance and recovery of fraudulent transfers, constructive fraud, avoidance of a preferential transfer, and two (2) separate counts alleging usury under Florida law.

4.      On March 2, 2018, FDI filed its Answer and Affirmative Defenses contemporaneously with this Motion.

5.      No prior motion or application for the relief requested herein has been made.

### Memorandum of Law

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or arising in, or related to cases under title 11." 28 U.S.C. § 1334.  Pursuant to 28 U.S.C. § 157(a) the district court may refer actions within its bankruptcy jurisdiction to the bankruptcy judges of the district.  Administrative Order 6:12-MC-26-ORL-22 for the Middle District of Florida provides for automatic reference of such matters (the "Standing Order").  The reference, however, may be withdrawn by the district court "for cause," on its own motion or upon timely motion by any party.  28 U.S.C. § 157(d).

Under 28 U.S.C. § 157(b)(1), a bankruptcy judge "may hear and determine" core proceedings arising in a case under Title 11.  28 U.S.C. § 157(b)(2)(A)-(P) then provides a non-exhaustive list of "core proceedings." If the cause of action asserted falls under one of those categories, then a matter is considered a "core proceeding" and may be properly heard in front of a bankruptcy judge.

However, if the cause of action asserted does not qualify as a "core proceeding" under one of the categories listed in 28 U.S.C. § 157(b)(2)(A)-(P), then the reference to the bankruptcy court may be withdrawn pursuant to 28 U.S.C. § 157(d).  According to the Standing order, if any such reference is withdrawn then any adjudication by the bankruptcy court would be automatically treated as proposed findings of fact and conclusions of law to be ultimately decided by the district court.

In the instant matter, Plaintiff's Complaint sets forth two (2) separate causes of action related to usury under specifically enumerated Florida Statutes. *See* ¶ 41, 47 of Plaintiff's Complaint. Count IV is asserted pursuant to Section 86.011, *Florida Statutes*, while Count V is asserted pursuant to Section 687.071, *Florida Statutes*. Therefore, the pertinent inquiry in this matter is whether Counts IV and V of Plaintiff's Complaint are "core proceedings" pursuant to the categories contained in 28 U.S.C. § 157(b)(2)(A)-(P).

Counts IV and V are not "core proceedings" under the enumerated categories. Florida courts have conclusively stated that claims for usury are not "core proceedings." *See In re Tidewater Lodging Group, LLC*, 2009 WL 909417 (S.D. Fla. 2009); *In re Marill Alarm Systems, Inc.,* 81 B.R. 119 (S.D. Fla. 1987). The court in *Tidewater* declined to recognize four (4) separate state law causes of action relating to usury as "core proceedings." *Id* at 2. In declining that recognition, the court stated as follows:

> The substance of this proceeding does not support a finding of core status…the essential issue in this proceeding is whether appellants are liable under Florida law for their alleged scheme to collect usurious interest and defraud [the debtor]. Accordingly, the bankruptcy judge's jurisdiction was limited pursuant to 28 U.S.C. § 157.

*Id* at 2. Further, that court stated that a matter is not a "core proceeding" and that the bankruptcy court's abstention is mandatory if:

> (1)        The case is based upon a state law claim or cause of action that did
> not arise under title 11 or in a case under title 11; (2) the case could not have
> been commended in federal court absent the filing of the bankruptcy petition,
> and (3) the case could be timely adjudicated in state court.

*Id* at 3. Under that inquiry, Counts IV and V of Plaintiff's Complaint in this matter require the

abstention of this Court. In the instant matter, the claims related to usury did not arise under title

11 or a case under title 11, could not have been commenced in a federal court without Cipeda's

petition for bankruptcy, and could certainly be timely adjudicated in a Florida state court.

Additionally, Counts IV and V do not constitute core proceedings under 28 U.S.C. §

157(b)(2)(O), which is the catch all provision of that section. The *Tidewater* court specifically

stated that 28 U.S.C. § 157(b)(2)(O) is not to be construed so broadly to include every possible

claim that affects the liquidation of the estate's assets. *Id* at 2. To construe that section in the

broadest possible sense would allow a bankruptcy court to hear every possible matter. That is not

the intention of the applicable law.

Therefore, under the categories contained in 28 U.S.C. § 157(b)(2)(A)-(P), the causes of

action contained in Counts IV and V of Plaintiff's Complaint are not "core proceedings" and the

reference to this Court under the terms of the Standing Order should be withdrawn pursuant to  28

U.S.C. § 157(d).   Moreover, FDI has demanded a jury trial, further evidencing the need for

withdrawal of the reference.

FDI files this Motion with regards to only Counts IV and V of Plaintiff's Complaint, as

Local Rule 5011-1(c) requires any motion to withdraw the reference be filed within thirty (30)

days after the filing of the initial pleading commencing an adversary proceeding. FDI, however,

does not seek withdrawal of the reference of this entire Adversary Proceeding, or of pre-trial

matters. Instead, FDI requests that the reference be withdrawn as to Counts IV and V and that FDI

be allowed to seek final adjudication of Counts IV and V by the District Court.

**WHEREFORE**, FDI respectfully requests an order withdrawing the reference as to the final adjudication of Counts IV and V, granting FDI's demand for a jury trial as to Counts IV and V, together with such other and further relief as the Court deems proper.

**RESPECTFULLY SUBMITTED** this 6th day of March, 2018.

> */s/ Michael A. Nardella*
> Michael A. Nardella, Esq.
> Florida Bar No.: 51265
> **NARDELLA & NARDELLA, PLLC**
> 250 E. Colonial Drive, Suite 102
> Orlando, FL 32801
> (407) 966-2680
> mnardella@nardellalaw.com
> cgraham@nardellalaw.com
> afebres@nardellalaw.com
>
> **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF electronic service to Ryan E. Davis, Esq., Winderweedle, Haines, Ward & Woodman, P.A., P.O. Box 880, Winter Park, FL 32790-0880, rdavis@whww.com; and to all other parties participating in CM/ECF in this case, this 6th day of March, 2018.

> */s/ Michael A. Nardella*
> Michael A. Nardella, Esq.